[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION DE: APPLICATION TO ADJUDGE THE DEFENDANTIN CONTEMPT (138)
The parties' marriage was dissolved by decree entered December 10, 1985. The judgment awarded the marital home known as 6 Highgate Road, Westport, Connecticut to the plaintiff subject to the defendant's right to occupy the premises until July, 1995. The plaintiff also was ordered to deliver a mortgage note and deed for $15,000.00 without interest, payable at the termination of the ten year occupancy by the defendant.
After the initial hearing on this motion, the plaintiff did complete a financing of the premises and $15,000.00 has now been placed in escrow by the plaintiff's attorney with Attorney Galen Wells who now holds the $15,000.00. CT Page 536
The plaintiff has never tendered the $15,000.00 nor has the defendant tendered the key to the premises, symbolic of delivery of possession.
At the hearing held on October 28, 1995, the attorney for the defendant stated:
 "Under the circumstances, we believe that remaining in there until January 15, 1996 be reasonable."
Rather than accepting this proposal the plaintiff's attorney made a counter-proposal to pay only $5,000.00 and to have the court order forfeit of the $10,000.00, if the defendant failed to vacate "by the 15th at midnight."
The court finds that neither party has complied with the terms of the judgment and no contempt is found at this time.
The defendant is ordered to vacate by February 29, 1996 by surrender of the key to her attorney who shall forthwith notify the plaintiff's attorney who, in turn, shall notify attorney Galen Wells to release the $15,000.00 to the defendant.
If possession is not surrendered on or before February 29, 1996, an execution of ejectment shall issue and the escrow shall not be released until further hearing and further court order. Either party may then reclaim this matter for further articulation.
HARRIGAN, J.